IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROBERT HARRIS, and WORLD ANSWERS, INC., and NATURAL SYSTEMS TECHNOLOGIES, INC.<br><br>         Plaintiffs,<br> v.<br><br>LEXJET CORP. and LEXJET SERVICES CO., LLC,<br><br>         Defendants. | Action No. 3:09–CV–616 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants' Motion for Attorneys' Fees and Full Costs (Docket No. 21) based on 17 U.S.C. § 505. For the reasons that follow, the Court will DENY the Motion.

**I. BACKGROUND**

This controversy concerns software that Plaintiffs World Answers, Inc., Natural Systems, Technologies, Inc., and Robert Harris developed while Harris was engaged as an independent contractor by the makers of digital printing technologies, Defendants Lexjet Corporation and Lexjet Service Co., LLC (collectively "Lexjet").

In November 2009, Harris and his two former corporations, World Answers and Natural Systems, filed a five count Amended Complaint against Lexjet. In Counts 1 and 2, Harris alleged Lexjet was directly and secondarily infringing on Harris's copyrighted software. Count 5 sought to enjoin that behavior. In Count 3, Harris alleged a violation of

1

the Virginia Computer Crimes Act. Count 4 alleged that Lexjet tortiously interfered with Harris's business relationships.

After reviewing the parties' written submissions and holding a hearing, the Court granted Lexjet's Motion to Dismiss without prejudice as to Counts 1, 2, and 5, and granted the Motion with prejudice as to Counts 3 and 4. In relation to the copyright claims, Lexjet has now filed this Motion, seeking its attorneys' fees and full costs under 17 U.S.C. § 505. Harris opposes the Motion.

## II. ANALYSIS

Title 17, Section 505 of the United States Code provides authority for a court to award full costs to the prevailing party in a copyright infringement action, which includes reasonable attorney's fees. Specifically, this provision states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

The threshold—and dispositive—issue in this case is whether Lexjet qualifies as a prevailing party. More specifically, the Court must consider whether obtaining a dismissal without prejudice, as Lexjet did here, confers it with "prevailing party" status. The Fourth Circuit has concluded that a voluntary dismissal without prejudice is insufficient to make a defendant a prevailing party because the plaintiff can refile the complaint. Best Indus., Inc. v. CIS BIO Int'l, Nos. 97-1217, 97-1412, 1998 WL 39383, *4 (4th Cir. Feb. 2, 1998) (citing Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1076-77 (7th Cir. 1987)). In Best,

the Fourth Circuit reasoned that "when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who no longer faces the claim due to a dismissal with prejudice." Id.

Although Lexjet benefitted not from a voluntary dismissal without prejudice, but from an <u>in</u>voluntary dismissal without prejudice, that distinction still fails to forge a material change in the legal relationship of the parties.  See <u>Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res.</u>, 532 U.S. 598, 604 (2001).  Harris certainly lost this battle, but the conflict between these parties may resurface if Harris chooses to refile his complaint.  In fact, the Fourth Circuit has stated that when additional litigation is possible, a dismissal without prejudice is "more like a draw than a victory." <u>Best Indus.</u>, 1998 WL 39383, *4.  The Court therefore concludes that Lexjet is not a "prevailing party."  Since 17 U.S.C. § 505 permits an award of attorneys' fees and costs only to prevailing parties, Lexjet's Motion is DENIED.[1]

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Attorneys' Fees and Full Costs.

Also before the Court is Harris's counsel's Motion to Withdraw as Counsel (Docket No. 26).  Because the Court has now disposed of the only remaining substantive motion in this case, the Motion to Withdraw is DENIED as MOOT.

---

[1] Because the Court finds that Lexjet was not a prevailing party, the parties' arguments concerning whether attorneys' fees are appropriate and what the amount should be are not addressed.

3

An appropriate Order will accompany this Memorandum.  Let the Clerk send a copy of this Memorandum to all counsel of record.

It is SO ORDERED.

```
_____/s/_____
James R. Spencer
Chief United States District Judge
```

ENTERED this   11th   day of January 2010